IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,      )
                               )
             Plaintiff,        )       8:09CR457
                               )
      v.                       )
                               )
SHANNON WILLIAMS,              )       ORDER
                               )
             Defendant.        )
_____)
```

   This matter is before the Court on defendant Shannon Williams' Affidavit pursuant to 28 U.S.C. § 144 (Filing No. 698). The Court will treat the Affidavit as a motion to recuse. In the Affidavit, Williams seeks "immediate re-assignment of [his] case for further disposition to a visiting federal district judge who is otherwise unaffiliated with the United States District Court for the District of Nebraska."

   Williams alleges the undersigned has a personal bias or prejudice against him (Affidavit ¶ 4). In support of this alleged personal bias or prejudice, Williams cites an article published on February 12, 2011, in the Omaha World-Herald ("World-Herald article") (*Id.* ¶ 5; *see also* Index of Evidence, Filing No. 699). The article details a sentencing hearing the Court conducted on February 11, 2011, at which the undersigned sentenced Williams' co-defendant, Vicki Cass, to a term of imprisonment of twenty-four months (*See* Text Minute Entry, Filing No. 678). At the sentencing hearing, the Court took up the

matter of Cass' "pro se" motion to withdraw her guilty plea and appoint new counsel.  The Court denied the motion during the hearing and proceeded to sentence Cass.  In the World-Herald article, the undersigned is quoted as saying "maybe Shannon Williams is impressing on you the need to do something," and "[t]hese motions (to withdraw the plea) may be in your handwriting, but I'm convinced that Mr. Williams is the author of those."  Williams claims this statement was incorrect, as a acquaintance of Williams, Billy Roy Tyler,[1] was the author of Cass' "pro se" motion to withdraw her plea.  Williams also states in the Affidavit: "Judge Strom also departed downward from the apparently applicable Guideline range in Ms. Cass' case, according to the article in part due to Judge Strom's position that [Williams] was more or less responsible for her indictment and that [Williams] had 'used' her" (Affidavit ¶ 8).  Because of these excerpts from the World-Herald article, Williams concludes "Judge Strom has a personal bias or prejudice against [him] and should proceed no further in [his] case" (*Id.* ¶ 9).  The Affidavit contains pursuant to 28 U.S.C. § 144 a certification by

---

[1] Tyler is third-party to this case, who has floated at its periphery.  Most recently, Tyler filed a pro se "Motion for 1st Amendment Rights" (Filing No. 691), which the Court denied (Filing No. 695).  Tyler also has been in recent contact with Williams, discussing legal matters related to Williams' case (*See*, *e.g.*, Government Exhibits 24 and 25 (conversation between Williams and Tyler on November 29, 2010)).

Williams' attorney that the Affidavit is made in good faith (*Id.* at 5).

Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and *sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144 (emphasis added).  In evaluating a § 144 motion, the Court may evaluate the sufficiency of the affidavit, but may not evaluate the truthfulness of the allegations in the affidavit.  *See Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003).  Section 144 coordinates with the judicial disqualification statute, 28 U.S.C. § 455, which requires: "Any justice, judge, or magistrate to the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1).  The Eighth Circuit has recast the issue as "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of a case."  *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc).

The Supreme Court took up the specific question of what constitutes bias or prejudice under §§ 144 and 455 in *Liteky v. United States*, 510 U.S. 540 (1994).  The Court in *Liteky* expressly stated:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky*, 510 U.S. at 555; *see also United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) (quoting *Liteky*); *United States v. Larsen*, 427 F.3d 1091, 1095 (8th Cir. 2005) (quoting *Liteky*). The Court cited, as an example of a statement of opinion by a judge constituting bias or partiality, the case of *Berger v. United States*, 255 U.S. 22 (1921), in which a district judge said regarding a German-American defendant accused of espionage: "'One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.'" *Liteky*, 510 U.S. at 555 (quoting *Berger*, 255 U.S. at 28).

The undersigned's opinions that Williams cites from the World-Herald article do not demonstrate a deep-seated antagonism by the undersigned towards Williams that would make fair judgment impossible.  Disqualification is inappropriate and recusal is not required even when a judge makes remarks or states opinions that may be "characterized as critical or disapproving of, or even hostile to" a party.  *In re Larson*, 43 F.3d 410, 414 (8th Cir. 1994).  The undersigned's opinion at Cass' sentencing regarding the author of Cass' "pro se" motion does not demonstrate bias or prejudice by the undersigned, even if that opinion turns out to be factually incorrect.  The other opinions expressed at Cass' hearing, which were also based on events that have occurred throughout this proceeding, are similarly inadequate to establish bias or prejudice.

Because Williams' Affidavit fails to set forth facts demonstrating bias or prejudice, the Affidavit is insufficient, see 28 U.S.C. § 144, and recusal is inappropriate.  Williams' motion to recuse will be denied.  Accordingly,

IT IS ORDERED that Williams' Affidavit (Filing No. 698) is insufficient to require recusal by the undersigned and the motion to recuse is denied.

DATED this 14th day of March, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court