IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:09CR457 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MOTION FOR LEAVE TO** |
| | ) | **FILE PRETRIAL MOTIONS** |
| SHANNON WILLIAMS, et al, | ) | |
| | ) | |
| Defendant. | ) | |

Shannon Williams moves the Court to consider the merits of his second and third motions to dismiss his superseding indictment, which have been previously denied as "untimely." (Filing 713) Williams submits there is good cause for the filing and consideration of the motions.

1. First and foremost, the motions could not have been filed prior to the April 16, 2010, deadline for filing pretrial motions because the factual bases for the motions were not apparent nor reasonably discoverable until the completion of the motion hearings ending December 22, 2010. Thereafter, written arguments were to be finally submitted by the parties by March 7, 2011. Williams filed the motions at issue on that date, four weeks prior to the scheduled trial of this matter.

2. Throughout those motion hearings, Williams at every reasonable opportunity made and advanced the claims he makes in the second and third motions to dismiss, which in essence consist of previously and consistently made arguments concerning the government's compliance with its discovery obligations and Williams' contention that he was secretly taped while speaking with one of his

lawyers, not Terry L. Haddock, at the Douglas County Department of Corrections (DCC).

3.  As noted, Williams filed his motions during the period the Court permitted him to argue in writing the merits of his previously filed dismissal motion, and Williams did so only after it became apparent from the government's response to his opening brief the government would not be turning over any more audio recordings of the meetings he had with Haddock for which tapes have not been produced and would not be producing any tapes made at DCC of Williams speaking with any of his lawyers, not including Haddock.

4.  Williams in his second and third motions to dismiss did not request additional evidentiary hearings in support of the motions because the evidence supporting the arguments made in the motions is already in the record and was already the subject of much argument during the motion hearings themselves, including Williams' actual motion to dismiss his indictment made in open Court on December 16, 2010, a motion made within forty-eight hours of the time when the grounds therefore first became apparent.  (Trans. 1383)

5.  The government, during those motion hearings, represented to the Court it had disclosed to Williams all the tapes in its possession and specifically denied secretly taping Williams speaking with the undersigned at DCC, but has not specifically denied wiring the attorney/clergy rooms at DCC to secretly tape Williams speaking with Eric Whitner, a lawyer representing Williams in the spring of 2009.

6. The undersigned's most recent appointment to represent Williams in this matter occurred on November 15, 2010. Since that time, the undersigned prepared for and conducted two weeks of evidentiary hearings involving complex legal issues and witnesses largely adverse to Williams, consulted with Williams on a near constant basis during that time, and produced ninety-some pages of written argument in support of his claims.

7. Good cause therefore exists for passing on the merits of Williams' second and third motions to dismiss. In the alternative, because the motions merely contain argument based on the evidence already appearing in the record and because Williams argued these issues in his post-hearing briefing in any event, Williams requests the motions be incorporated into his post-hearing briefing. Because the government's position has been and will apparently continue to be that it has disclosed to Williams all the tapes in its possession, no prejudice will be occasioned thereby.

SHANNON WILLIAMS, Defendant,

By   */s/ Michael J. Tasset*
    His Attorney
    JOHNSON AND MOCK
    307 North Oakland Avenue
    P.O. Box 62
    Oakland, Nebraska  68045
    (402) 685-5647
    mtasset@johnsonandmock.com

**CERTIFICATE OF SERVICE**

     I, Michael J. Tasset, hereby certify that on March 17, 2011, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Susan T. Lehr, Assistant United States Attorney.

                                          */s/ Michael J. Tasset*
                                           Michael J. Tasset