IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )         8:09CR457
                               )
      v.                       )
                               )
SHANNON WILLIAMS,              )         ORDER
                               )
            Defendant.         )
_____)
```

This matter is before the Court upon defendant Shannon Williams' ("Williams") oral double jeopardy motion made during the March 17, 2011, hearing.  The motion is premised upon a plea agreement entered into by Williams and the Government relating to a petition for revocation of supervised release (8:93CR27) before Chief District Court Judge Joseph Battalion on October 1, 2009.  A transcript of that proceeding has been prepared (Filing No. 689, Pages 9 & 10).  The transcript provides as follows:

> THE COURT: Let's do this.  Let me have Ms. Lehr tell us what the plea agreement is so we don't have any dispute about it Ms. Lehr?
>
> MS. LEHR: Thank you, Your Honor.  My understanding of the agreement as written is that the defendant admits to all the violations that were part of the amended petition filed April 1st, 2009.
>
> That the parties agree that pursuant to Rule 11(c)(1)(C) that this court shall sentence him to a term of five years imprisonment, with no supervised release to follow.

    That upon this court imposing that sentence, that the district attorney's office in Maricopa County, Arizona, will dismiss the charges arising from the defendant's January 16th, 2009, arrest, in which he was arrested under the name of Donald Jarmon and that after today's entry of a plea the defendant waives his right to withdraw his guilty plea prior to its acceptance or his sentencing by you at whatever date that happens.

THE COURT: Is that your understanding of the plea agreement, Mr. Williams?

THE DEFENDANT: Yeah, yes, that's most of it, except that I would be subjecting myself to the five years.

    I agree that you, or the court, Ms. Lehr agrees that I would not be sentenced actually to the five years today, that they would continue my sentencing pending further discussions, so I do subject myself to the five years.

THE COURT: I am not imposing it today.

THE DEFENDANT: Yes, that's it, Your Honor.

THE COURT: And I don't know if that's part of the plea agreement, but I don't have any problem continuing this matter for a reasonable period of time.

THE DEFENDANT: Thank you.

THE COURT: What Ms. Lehr said, is that basically the plea agreement, as you understand it?

>           THE DEFENDANT: Yes, it is, Your
>     Honor.
>
>           THE COURT: Did you read this plea
>     agreement yourself?
>
>           THE DEFENDANT: Yes, I did.
>
>           THE COURT: Did you have enough time
>     to talk to your lawyer about it so
>     that you think you completely
>     understand it?
>
>           THE DEFENDANT: I completely understand
>     it now, Your Honor.  Thank you.
>
>           THE COURT: And did you sign the
>     document, sir?
>
>           THE DEFENDANT: Yes, I did, Your
>     Honor.
>
>           THE COURT: Do you enter into this
>     agreement of your own free will?
>
>           THE DEFENDANT: Yes, I do, Your
>     Honor.

It is clear to this Court from a reading of that transcript that there was no agreement between the Government and Williams that he would not be prosecuted for the crimes in this case or any other crimes that the Government was aware of at the time the parties entered into that plea agreement.  Thus, the Court finds there has been no double jeopardy violation as claimed by Williams.  Accordingly,

IT IS ORDERED that defendant Shannon Williams' oral double jeopardy motion is denied.

DATED this 21st day of March, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court