IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR457 |
| | ) | |
| v. | ) | |
| | ) | |
| SHANNON WILLIAMS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant Shannon Williams' Motion for Leave to File Pretrial Motions (Filing No. 719), Second Motion to Dismiss (Filing No. 702), and Third Motion to Dismiss (Filing No. 704).  In a previous order (Filing No. 713), the Court determined Filing Nos. 702 and 704 were untimely.  On March 17, 2011, the Court conducted a hearing at which the Court stated it would consider the merits of the dismissal motions.  Upon review of their merits, the Court finds the dismissal motions should be denied.

**Filing No. 702 - Second Dismissal Motion**

In the Second Motion to Dismiss, Williams moves to dismiss the Superseding Indictment filed against him pursuant to the Fifth Amendment Due Process Clause.  Williams states the Government has failed to produce recordings for visits that informant Terry Haddock made to Williams on June 23, 2009, July 6, 2009, and September 18, 2009.  Further, Williams claims two recordings the Government provided, from June 11, 2009, and from

September 11, 2009, are unplayable or cease to work after a portion of the recording is played.  Williams maintains the alleged missing and malfunctioning recordings contain exculpatory evidence and argues the Government is acting in bad faith when it represents that it has disclosed all the recordings in its possession.

At the March 17, 2011, hearing, the Court ordered the Government to certify that it had provided to Williams all of the recordings related to this case.  The Government has provided this certification (Filing No. 727).  The certification states the Government, through its counsel, Assistant U.S. Attorney ("AUSA") Robert Sigler, has conferred with AUSA Susan Lehr, FBI Special Agent Kevin Hytrek, and Douglas County Department of Corrections employees Lt. Ernie Black and Sgt. Daniel Scherer.  Based upon these consultations, the Government certifies to its knowledge "there are absolutely no recordings of [Williams] and his attorney that exist or ever did exist."[1]  The Government "further certifies that all tapes within possession of the United States, the FBI, and the Douglas County Department of Corrections related to the subject matter of the instant case have been turned over to [Williams'] attorney through the discovery process."  In contrast to Williams' assertion, the Government's

---

[1] Consistent with its position in this litigation, the Government does not consider Haddock to have been Williams' attorney.

certification indicates it has disclosed all the recordings it has possessed in connection with this case. Williams' claim that the Government has not provided him with all the recordings made by Haddock in connection with the investigation is without support and will be denied.

Even assuming Williams has proven that the Government failed to disclose certain recordings made by Haddock, dismissal would not be proper. Absent a showing by a defendant that the Government acted in bad faith, a failure to preserve potentially useful evidence will not support a finding of a due process of law violation. *United States v. Webster*, 625 F.3d 439, 446 (8th Cir. 2010) (citing *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988)). The lost evidence must have had an apparent exculpatory value, and the defendant must not have had access to comparable evidence. *Id.* There is no evidence Williams has presented that the Government acted in bad faith or that the alleged missing and malfunctioning recordings contain any exculpatory information. Further, the Government has provided Williams with scores of other recordings made by Haddock, which are comparable evidence to the alleged missing and malfunctioning recordings. Williams has failed to demonstrate a due process violation occurred.

**Filing No. 704 - Third Dismissal Motion**

In the Third Motion to Dismiss, Williams argues the Government's conduct in this case was outrageous, thus warranting

dismissal, because there was evidence adduced at the motion hearing in December 2010 indicating the Government wired the attorney-clergy room at the Douglas County Correctional Center ("DCCC") in order to secretly record Williams while he met with his attorney. Williams further argues the evidence makes clear that this alleged wiring was not done in connection with informant Haddock's visits to Williams. As noted above, the Government has certified to its knowledge no recordings ever existed of conversations between Williams and his attorney.

In order to successfully raise a defense of outrageous government conduct, the Government's conduct must be "'so outrageous and shocking that it exceeds the bounds of fundamental fairness.'" *United States v. Hunt*, 171 F.3d 1192, 1195 (8th Cir. 1999) (quoting *United States v. Johnson*, 767 F.2d 1259, 1275 (8th Cir. 1985)). To prove a due process violation and to warrant dismissal, the level of outrageousness of the Government's conduct must be "quite high" and "must shock the conscience of the court." *United States v. Nieman*, 520 F.3d 834, 838 (8th Cir. 2008) (quoting *United States v. King*, 351 F.3d 859, 867 (8th Cir. 2003)(citing *United States v. Russell*, 411 U.S. 423, 431-32 (1973))).

The excerpt of testimony Williams cites in support of this motion comes from the examination of Sgt. Daniel Scherer, an employee at DCCC:

> **Counsel**: . . . So that was the one incident that you assisted the investigation. You said there was a couple of them. Was there something else you did?
>
> **Scherer**: If there was, I do not remember, sir.
>
> **Counsel**: Do you know, when the attorney-clergy rooms were wired or equipped with listening devices, do you know what the purpose of doing that was?
>
> **Scherer**: I'm assuming it was the same as -- it's just to get -- to record conversations, sir. I . . .
>
> **Counsel**: Between who; do you know?
>
> **Scherer**: I do not recall. I would say Shannon Williams and his attorney.

(Transcript, Filing No. 643, at 1137:22 to 1138:8).

Sgt. Scherer's testimony is insufficient to demonstrate outrageous government conduct. Even assuming Sgt. Scherer's testimony can be construed to confirm the wiring of an attorney-clergy room in an effort to record Williams' conversations, Sgt. Scherer said he did not recall whose conversations were being recorded. Rather, he surmised they were conversations between Williams and "his attorney." Sgt. Scherer's testimony does not demonstrate the Government's conduct was "so outrageous and shocking that it exceeds the bounds of fundamental fairness." *Hunt*, 171 F.3d at 1195 (internal quotation omitted). Williams' Third Motion to Dismiss will be denied.

-5-

IT IS ORDERED:

1)   Williams' Motion for Leave to File Pretrial Motions (Filing No. 719) is granted;

2)   Williams' Second Motion to Dismiss (Filing No. 702) is denied; and

3)   Williams' Third Motion to Dismiss (Filing No. 704) is denied.

DATED this 23rd day of March, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court