IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR457 |
| | ) | |
| v. | ) | |
| | ) | |
| SHANNON WILLIAMS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

       This matter is before the Court on counsel Michael J. Tasset's Motion to Withdraw (Filing No. 743) and defendant Shannon Williams' Affidavit (Filing No. 744) in support of the motion. Tasset filed the motion because "Williams desires to represent himself in this matter." The Court will grant the motion, will permit Williams to proceed pro se at trial, and will appoint Michael Tasset as stand by counsel for Williams.

       The Sixth Amendment to the U.S. Constitution secures for a defendant the right of self-representation. *United States v. Edelmann*, 458 F.3d 791, 808 (8th Cir. 2006) (quoting *Faretta v. California*, 422 U.S. 806, 819 (1975)). For a defendant to exercise the right of self-representation, however, the defendant "must knowingly and intelligently forgo the traditional benefits associated with the right to counsel." *Edelmann*, 458 F.3d at 808 (internal quotation marks omitted). "While the defendant is not required to have the skill and expertise of a lawyer to intelligently choose to represent himself, he should know the

dangers of self-representation, so that the record establishes that he made an informed choice." *Id.* "This standard is met . . . if the entire record evidences the defendant knew and understood the disadvantages" of self-representation. *United States v. Armstrong*, 554 F.3d 1159, 1165 (8th Cir. 2009). Relevant factors to whether the defendant has validly waived the right to counsel are the defendant's "background, experience, and conduct . . . including the defendant's past contacts with the criminal justice system and his performance at the proceeding at which he represented himself." *Armstrong*, 554 F.3d at 1165 (internal quotation marks omitted).

Williams' affidavit demonstrates he is voluntarily, knowingly, and intelligently waiving his right to counsel in order to exercise his right of self-representation. Williams states he recognizes the potential disadvantages of self-representation, but is "convinced those potential disadvantages are substantially outweighed by the advantages [he] will gain by representing [himself] at the trial." Williams also cites his past experience with the criminal justice system, which demonstrates he is familiar with court procedures. In light of Williams' affidavit and the Court's experiences with Williams throughout this case, the entire record evidences Williams knows and understands the disadvantages of self-representation and has

voluntarily, knowingly, and intelligently waived his right to counsel.

In his affidavit, Williams consents to have his current counsel, Michael Tasset, serve as standby counsel.  "A standby counsel's job is to assist the defendant in procedural matters with which he may not be familiar and to facilitate a speedy and efficient trial by avoiding the delays often associated with pro se representation."  *United States v. Washington*, 596 F.3d 926, 934 n.9 (8th Cir. 2010) (quoting *United States v. Campbell*, 874 F.2d 838, 849 (1st Cir. 1989)).  A defendant, however, is not entitled to hybrid or dual representation.  *United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992).  Williams may consult with Tasset on procedural questions, have Tasset file documents, and have Tasset secure witnesses to appear at trial.  Williams may not solicit Tasset to take the lead on tasks traditionally reserved for counsel, including voir dire, making statements, examining witnesses, and arguing motions.  Accordingly,

IT IS ORDERED:

1)   Tasset's Motion to Withdraw (Filing No. 743) is granted;

2)   The Court grants leave for Williams to proceed pro se at trial; and

        3)    The Court appoints Tasset as Williams' stand-by counsel.

        DATED this 28th day of March, 2011.

                            BY THE COURT:

                            /s/ Lyle E. Strom
                            _____
                            LYLE E. STROM, Senior Judge
                            United States District Court