In The United States District Court
For The District Of Nebraska

| United States | Case No. 09-CR-457 |
| --- | --- |
| V | Motion-In-Limine; or Suppress |
| Shannon Williams | |

Now comes Shannon Williams, pro-se, and moves the court to exclude from evidence all direct & indirect evidence derived from placing tracking devices on the following vehicles the Gray/Silver 2006 F-150 Registered to Yvonne Ackerly and the 2008 Red-Maroon Chevy Pick-up Registered to Joe Mark Felix. In support of this motion the defendant avers & the testimony will be that the petitioner was the person that could assert standing over these vehicles. The stops of these vehicles were in direct violation of the 4th Amendments & 5th due process of law of U.S. Constitution.

Law Enforcement illegally went on the property of Cris Parrot to read the VIN # to establish probable cause to place the tracking device on the vehicle. In Arizona Peoria Police went on the property illegally of Joe Mark Felix to place the tracking device on the vehicle/truck.

At no time did law enforcement seek permission to come on the property to inspect my truck on Cris Parrot's property. Petitioner had a reasonable expectation of privacy in storing my truck on Mr. Parrots property. I had specifically requested that truck be on the property to protect the vehicle from inspection, or theft.

I also specifically expected & requested that Joe Mark Felix keep the Red truck I made payments on & for under his gazebo on his property to protect our truck from inspection & theft.

Law enforcement went on the property without permission (illegally) to place that tracking devices used to detect the $189,000 seized from Joe Felix, & to stop my truck driven by Mr. Eckerly.

All information seized in these illegal stops should be suppressed per New York v Class 475 U.S. 106 which holds the exterior of a car... is thrust into the public eye & thus to examine it does not constitute a 'search'. Never has the court allowed or even contemplated police officers coming onto PRIVATE PROPERTY to inspect or/ & place tracking devices on vehicles.

The motion is filed late because the government yesterday for the 1st time filed a bill of particulars

2

Making the petitioner aware of the evidence it intends to use. Also the petitioner has requested numerous times his attorneys file these motions to no avail, & was told we can't file a motion on specific items until the government files a bill of particulars letting us know what evidence the gov. is going to use.

The defendant's attorney filed a motion to order the government to file a bill of particulars back in April 2010, AUSA Moran refused to file the motion.

AUSA Moran & Lehr should not be allowed to benifit from not filing a "bill of particulars" until 3 working days before trial. Which is why this is late.

The petitioner also ask the court to order the government to establish the 7 factors outlined in McMillan on the tapes to be introduced especially the 4-1-09 tape.

The petitioner request the court exclude the playing of the 11-13-09 tape of wanting to harm Fred Lewis as having no probative value or outweighing it's value through prejudice, wanting to harm a man for having sex with my wife is far from marijuana dealing conspiracy. The government has plenty of tapes to link the petitioner with Hatten before having to attempt to prejudice the jury.

3

Lastly, The petitioner moves the court to exclude Detective Stuck or Haddock from testifying about the so-called 5-time murderer RUMOR this false & unfounded testimony is highly prejudicial and more importantly without merit.

Wherefore the petitioner prays the court grant the petitioner's motion-in-limine.

Respectfully Submitted this 31st day of March 2011

SIGNED: _Shon Wille_