IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:09CR457 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **BRIEF IN SUPPORT OF MOTION** |
| | ) | **TO DISMISS FORFEITURE** |
| SHANNON WILLIAMS, | ) | **PROCEEDING** |
| | ) | |
| Defendant. | ) | |

**I. Basis of the Motion.**

The superseding indictment in this matter, which included forfeiture allegations pertaining to specific property, was tried to a jury. Shannon Williams maintains the Court should have determined, prior to the commencement of the jury's deliberations, whether either party requested the jury to be retained to determine the forfeitability of the specific property identified in the superseding indictment in the event it returned a guilty verdict. *Fed.R.Crim.P.* 32.2(b)(5). Because the Court did not do so, Williams submits the pending forfeiture proceeding pertaining to specific property should be dismissed.

**II. Relevant Legal Authority.**

*Fed.R.Crim.P.* 32.2 was amended December 1, 2009, to, *inter alia*, provide that "the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." Prior to that amendment, *Fed.R.Crim.P.* 32.2(b)(4) provided in relevant part: "Upon a party's request in a case in which a

1

jury returns a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant." *Fed.R.Crim.P. 32.2* (effective December 1, 2002.) Because the amended version of *Fed.R.Crim.P. 32.2* was in effect at the time Williams' original indictment was filed and at the time of his jury trial, the amended rule applies in this case.

The Eighth Circuit Court of Appeals, prior to the commencement of Williams' jury trial, squarely held in *United States vs. Gregoire*, 638 F.3d 962 (8th Cir. 2011), the government's assertion in that case that the "[C]ourt must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict" was correct where the government seeks forfeiture of specific property. *Id.* at 972. The government is apparently seeking the forfeiture of at least 11 items of specific property in Williams' superseding indictment (Filing 267 at 3-5). While a transcript of the trial is not yet available, Williams does not recall the Court making the determination required by *Fed.R.Crim.P.* 32.2(b)(5) and for the purposes of the instant motion he asserts it did not.

Williams further contends the forfeiture proceeding pertaining to the specific property identified in the superseding indictment must be dismissed with prejudice because it is apparent the government, by not bringing the jury determination issue to the attention of the Court prior to the commencement of the jury deliberations, abandoned its specific property forfeiture claims. While Williams anticipates the

2

government will argue Williams should have made the request himself and since he did not, he should lose on this issue, Williams notes he is making the exact same argument against the government.  Ultimately, however, *Fed.R.Crim.P.* 32.2(b)(5) and *United States vs. Gregoire*, supra, leaves the determination responsibility with the district court.  Because the Court did not do so before the jury commenced its deliberations, and because there is no lawful way Williams can now have his jury perform its role in the forfeiture procedure, the government is now foreclosed from seeking forfeiture of Williams' interests, if any, to the specific property identified in the superseding indictment.

**III.  Conclusion.**

    The government should be foreclosed from pursuing forfeiture from Williams of his interests, if any, in the specific property identified in the superseding indictment for the reasons appearing above.

                              SHANNON WILLIAMS, Defendant,

                              BY    /s/ Michael J. Tasset
                                  Michael J. Tasset, No. 20796
                                  His Attorney
                                  JOHNSON AND MOCK
                                  307 N. Oakland Ave.
                                  P.O. Box 62
                                  Oakland, Nebraska  68045
                                  (402) 685-5647

**CERTIFICATE OF SERVICE**

    I, Michael J. Tasset, hereby certify that on June 30, 2011, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Susan T. Lehr, Assistant United States Attorney.

                                                    /s/  Michael J. Tasset
                                                        Michael J. Tasset