IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 8:09CR457 |
| Plaintiff, | ) | |
| | ) | BRIEF IN RESPONSE TO |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | DISMISS FORFEITURE PROCEEDING |
| SHANNON WILLIAMS, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and hereby objects and responds to the defendant's Motion to Dismiss Forfeiture Proceeding and asks that the motion be denied.

The indictment in this case was filed December 16, 2009, and the superseding indictment on July 20, 2010. They both contained forfeiture allegations of currency, a vehicle and real property. Jury trial in this matter commenced on April 4, 2011, and concluded with guilty verdicts of a drug conspiracy in violation of 21 USC §846 and money laundering in violation of 18 USC §1956(h). At no time before or during the trial was an inquiry made by the court whether any of the parties requested the jury determine the forfeitability of the property if the jury did in fact return a guilty verdict. However, the Court's analysis on the issue should not end there.

Shortly after the conclusion of the trial, defendant's stand-by counsel was heard to say, "I don't know how Strom's going to get around the forfeiture procedure," or words to that effect, supporting the inference that he was aware *Fed.R.Crim.P. 32.2(b)(5)(A)* required the Court to make inquiry of the parties. This differed from the prior rule, in effect until December 1, 2009, that stated "Upon a party's request in a case in which a jury return a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant." *Fed.R.Crim.P. 32.2(b)(4)*. While Mr. Tassett was stand-by counsel in this case, he is still an officer of the court, and any observer to the trial proceedings would note that he was an active participant in Mr. Williams' defense. He gave

unsolicited advice to the defendant, he attended side bar conferences, requested subpoenas for and contacted witnesses. Mr. Tassett owed a duty of candor toward the tribunal. *Neb. Ct. R. Prof. Cond. § 3-503.3*

The defendant does not set forth in his pleadings whether he wanted the jury to decide the forfeiture issues or if he merely wants the allegations dismissed because the court did not make the inquiry. If a jury determination was not wanted, no prejudice has attached. If a jury determination was wanted, and Mr. Tassett knew about *32.2(b)(5)(A)* and did not bring it to the Court's attention he violated his duty of candor to the Court.

The Government submits that because neither party brought the *32.2(b)(5)(A)* to the Court's attention, then they have both waived their right to argue it now. Although not dispositive, the fourth circuit addressed this issue in *United States v. Nichols*, ___ Fed.Appx. ___, 2011 WL 1936068 (4th Cir. May 20, 2011). Neither party requested a jury determination of the forfeiture allegation, but because the defendant was convicted of a drug trafficking offense the court found he "shall forfeit property obtained as a result of the offense." *See also 21 U.S.C. 853(a)(1)*. If the Court finds the defendant hasn't waived the issue, the Government has not found any case law that would prevent the Court from calling back the jurors inquiring of them if anything has happened or information has come to them since the trial that would prevent them from rendering a fair and impartial decision on this issue.

Finally, the defendant cites to *United States v. Gregoire*, 638 F.3d 962 (8th Cir. 2011), for the proposition that failure of the court to apprise the defendant of his right to a jury determination pursuant to *32.2(b)(5)(A)*, would invalidate a forfeiture order. However, that is not the holding of the case. The Court found it unnecessary to decide that issue because in that case the Government was seeking only a money judgment, and there is no right to a jury under the rule.

In this case, the forfeiture allegation in the superseding indictment includes the following language:

> shall forfeit to the United States any and all property constituting or derived from any proceeds said Defendants obtained directly or indirectly as a result of the violations alleged in Counts I and II,

2

> and any and all property used or intended to be used in any manner or part to commit and/or to facilitate the commission of the violations alleged in Counts I and II of this Superseding Indictment, *including but not limited to the following*:

(Emphasis added).  There is nothing that would prevent this Court from holding a hearing and making a determination, based on the value of the assets alleged, of a money judgement to be entered against the defendant for the value of the assets proved.

The Government submits that since neither party requested a jury determination pursuant to *Fed.R.Crim.P. 32.2(b)(5)(A)* , that issue is now waived.  In the alternative, the Court would have the option of either calling the jury back and submitting special verdict forms and allowing the parties to argue the evidence.  Alternatively, this court can itself have a hearing to determine the money value of the assets and then entering a money judgement.  For the foregoing reasons, the Government requests this Court deny the defendant's motion.

DATED this 12th day of July, 2011.

UNITED STATES OF AMERICA
Plaintiff

DEBORAH R. GILG
United States Attorney


s/Susan T. Lehr
SUSAN T. LEHR (#19248)
Assistant U.S. Attorney
1620 Dodge Street, #1400
Omaha, Nebraska 68102-1506
(402) 661-3700


## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Michael J. Tassett, Attorney for Defendant.


s/Susan T. Lehr
SUSAN T. LEHR
Assistant U.S. Attorney

3