IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:09CR457 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPLY BRIEF IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS FORFEITURE** |
| SHANNON WILLIAMS, | ) | **PROCEEDING** |
| | ) | |
| Defendant. | ) | |

The government in its brief agrees with Shannon Williams that "[a]t no time before or during the trial was an inquiry made by the [C]ourt whether any of the parties requested the jury determine the forfeitability of the property if the jury did in fact return a guilty verdict." Filing 928, pg. 1. The government goes on to submit that "because neither party brought the [issue] to the Court's attention, then they have both waived[1] their right to argue it now." *Id.* at 2. The government then promptly argues, as Williams understands it, that someone could call the trial jurors and tell them to come back to the courthouse to listen to the parties "argue the evidence" concerning the nexus at issue. *Id.* at 3. Alternatively, the government argues, "this [C]ourt can itself have a hearing to determine the money value of the assets and then enter[] a money judgment." *Id.* Neither of these ideas are sound.

---

[1] Williams notes for the record on appeal he has "waived" nothing with respect to this issue.  At most and without conceding it, he could be viewed to have forfeited his right to a jury determination of any nexus between the specific property identified in the superseding indictment because he did not request, prior to the commencement of jury deliberations, the jury be retained. See, *United States vs. Olano*, 507 U.S. 725 (1993) (forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.)

1

Bringing back the jury is a particularly troublesome solution which should be discarded out of hand.  At the conclusion of the month-long trial, those citizens were discharged by the Court, thanked for their considerable service and informed their duties in the case had come to an end.  Assuming all the jurors are even able to and did return, the ensuing lengthy voir dire would undoubtedly reveal some or all of them have now been exposed to prejudicial, extra-judicial information about the consistently-publicized case, information from which the Court for good reason instructed them during the trial to steer clear.  At that point the Court is back to square one, as Williams would never stipulate to less than a full complement of jurors.  See, *Fed.R.Crim.P*. 23(b).  And assuming for the sake of argument none or only one of the jurors consumed any of that information in the aftermath of the trial, whether those jurors could summon even a minimal, working recollection of the evidence adduced at trial pertaining to the forfeiture allegations after three months seems very unlikely.  The Court and the parties, accordingly, would have to in effect nearly start over with the presentation of substantial evidence.  In short, Williams, who has a constitutional and therefore fundamental right to a fair and impartial, if not un-irritated, jury, wants no part of this plan.

The government's money judgment proposal is also misplaced.  Nowhere in the superseding indictment does the government notify Williams it will seek a money judgment against him.  Nowhere in the government's brief does the government claim Williams did something to or with the property identified in the superseding indictment so that it now cannot be located, or that he sold or

transferred it to a third party or otherwise placed it beyond the jurisdiction of the Court, or created any of the other circumstances described in 21 *U.S.C.* 853(p)(1). In the absence of notice to Williams in the superseding indictment or demonstration to the Court by the government of the circumstances identified in 21 *U.S.C.* 853(p)(1), a money judgment is simply an unauthorized and otherwise unavailable remedy for the government given the posture of this matter. *United States vs. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011).

An argument Williams does not understand the government to be making in its brief[2] is that because neither party requested (notwithstanding the Court's duty under *Fed.R.Crim.P.* 32.2(b)(5)(A)) a jury determination of the forfeiture nexus, the matter should be proceed under *Fed.R.Crim.P.* 32.2(b)(1) upon the government's motion for a preliminary order of forfeiture.  The Court, in that event, would decide the nexus issue and enter a preliminary order if it finds that certain property is subject to forfeiture, all sufficiently in advance of sentencing to permit the parties to suggest revisions or modifications before the order became final at sentencing. See, *Fed.R.Crim.P.* 32.2(b)(1) and (2).

This resolution, however, is also fatally flawed, primarily because the government never moved for an order of preliminary forfeiture at any time after the jury verdict and it is too late, ten calendar days before sentencing, to do so now. Williams can only conclude the government's failure to request a jury determination

---

[2] Williams here draws the Court's attention to the government's vague, unsupported claim in its brief that the undersigned "violated his duty of candor to the Court" by not, as standby counsel to Williams, spontaneously informing the government and the Court about the change to *Fed.R.Crim.P.* 32.2(b)(5)(A).  Williams views the government's complaint as utterly meritless.

3

of the nexus issue prior to the commencement of jury deliberations and its subsequent failure to move for an order of preliminary forfeiture in the three months following the conclusion of the trial's guilt phase must operate as at least a forfeiture, if not abandonment, of its forfeiture claims.  Coupled with the now-conceded absence of the Court determination required by *Fed.R.Crim.P.* 32.2(b)(5)(A), the state of the record compels a district court finding that the forfeiture allegation in the superseding indictment should be dismissed with prejudice.

While Williams understands the change to *Fed.R.Crim.P.* 32.2(b)(5)(A) is relatively recent and accordingly cases construing the new rule are not legion, the government's citation to *United States vs. Nichols*, 2011 WL1936068 (4th Cir. May 20, 2011), is of no assistance to the Court.  First, the decision is unpublished.  Second, the perfunctory nature of the per curiam decision contains no analysis or reasoning.  *United States vs. Gregoire*, supra, the published Eighth Circuit case cited by Williams in his opening brief and above, actually says, speaking to the "court must determine" provision of *Fed.R.Crim.P.* 32.2(b)(5)(A), "we agree with the government and the district court that this Rule by its plain language applies only to 'the forfeitability of specific property.'"  *Gregoire*, 638 F.3d at 972.  The fact that, as the government has conceded, no court determination regarding the jury was made on the record in Williams' case, a case tried in the aftermath of the teachings of *Gregoire*, coupled with government's failure to seek an order of

4

preliminary forfeiture, directs the conclusion that the government's forfeiture claims should be foreclosed.

          SHANNON WILLIAMS, Defendant,

          BY   /s/ Michael J. Tasset
              Michael J. Tasset, No. 20796
              His Attorney
              JOHNSON AND MOCK
              307 N. Oakland Ave.
              P.O. Box 62
              Oakland, NE  68045
              (402) 685-5647

## CERTIFICATE OF SERVICE

I, Michael J. Tasset, hereby certify that on July 18, 2011, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Susan T. Lehr, Assistant United States Attorney.

          /s/  Michael J. Tasset
          Michael J. Tasset