IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,     )
                              )
           Plaintiff,         )          8:09CR457
                              )
     v.                       )
                              )
SHANNON WILLIAMS,             )          MEMORANDUM AND ORDER
DESHAWN HERNANDEZ,            )
                              )
           Defendants.        )
_____)
```

This matter is before the Court on the post-trial motions filed by defendant Shannon Williams.

**A.   Filing Nos. 848 and 852 - Pro Se Motions to Dismiss or for New Trial**[1]

After reviewing these motions, the record, and the applicable law, the Court finds these motions should be denied.

**B.   Filing No. 908 - Motion to Dismiss Forfeiture Proceeding**

The superseding indictment (Filing No. 360) identifies several items of real and personal property the Government maintains are subject to forfeiture pursuant to 21 U.S.C. § 853. Section 853 provides defendants convicted of the crimes at issue in this case "shall forfeit . . . (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; [and] (2) any of the person's property used, or intended to be used, in any manner or

---

[1] Williams filed these motions pro se prior to the reappointment of counsel.

part, to commit, or to facilitate the commission of, such violation. . . ."  21 U.S.C. § 853(a)(1)-(2).  On April 28, 2011, the jury returned a guilty verdict against Williams (Filing No. 834), making § 853 applicable.

Williams moves the Court for an order dismissing the pending forfeiture proceeding because "Williams was deprived, through no fault of his own, of a jury determination" on the "forfeitability of any of his specific property identified in the superseding indictment."  Williams alleges a violation of Federal Rule of Criminal Procedure 32.2(b)(5) has occurred and "the government is now foreclosed from seeking forfeiture of Williams' interests, if any, to the specific property identified in the superseding indictment."

On December 1, 2009, Federal Rule of Criminal Procedure 32.2 was amended.  Prior to amendment, Rule 32.2(b)(4) provided: "*Upon a party's request* in a case in which a jury returns a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant."  Fed. R. Crim. P. 32.2(b)(4) (2008) (emphasis added).  When Rule 32.2 was amended in 2009, paragraph (b)(4) was amended and moved to paragraph (b)(5), which provides:  "In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, *the court must determine before the jury begins deliberating* whether

either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." Fed. R. Crim. P. 32.2(b)(5) (2009) (emphasis added). The Advisory Committee's Notes for the 2009 amendment explain the amendment's goal was "to avoid an inadvertent waiver of the right to a jury determination, while also providing timely notice to the court and to the jurors themselves if they will be asked to make the forfeiture determination." Fed. R. Crim. P. 32.2, 2009 advisory committee's notes.

Prior to the jury's deliberation at the end of the trial, the Court did not determine pursuant to Rule 32.2(b)(5) whether either party was requesting the jury be retained to determine the forfeitability of the property at issue. In light of this, the issue arises of how to remedy the situation. Rule 32.2 does not provide any guidance, and the Court has not found any post-2009 amendment case directly addressing the issue.

Williams argues dismissal of the forfeiture proceeding is warranted, citing *United States v. Gregoire*, 638 F.3d 962 (8th Cir. 2011). Williams, however, misinterprets *Gregoire*, which only stated the forfeiture proceeding in that case should have been dismissed after "the government disclaimed any intent to seek forfeiture of specific property." *Gregoire*, 638 F.3d at 972. The Eighth Circuit did not address the issue of what to do if the Government seeks forfeiture of specific property, such as

-3-

in this case, where the Court did not make an inquiry of the parties as provided by amended Rule 32.2(b)(5).  Williams also argues dismissal is proper because the Government abandoned its forfeiture claims by not bringing the issue to the Court's attention during the trial.  But Rule 32.2(b)(5) does not place any burden on the Government to raise the Rule 32.2(b)(5) jury determination issue, so it does not follow that the Government has waived this issue.

The Government responds arguing Williams waived the issue when he failed to request a jury determination on the forfeiture issue.  It is true that under the preamended version of Rule 32.2, courts routinely determined that a defendant waived the right to a jury determination on the forfeiture issue if the defendant failed to make a timely request.  *See*, *e.g.*, *United States v. Hively*, 437 F.3d 752, 763 (8th Cir. 2006).  The Government argues a defendant may still waive the right to a jury determination on the forfeitability of property even after Rule 32.2's amendment in 2009, citing *United States v. Nichols*, __ F. App'x __, No. 08-4739, 2011 WL 1936068 (4th Cir. May 20, 2011) (unpublished opinion).  While *Nichols* did determine the defendant waived his right to a jury determination after failing to assert the right, the court did not address what effect, if any, the 2009 amendment to Rule 32.2 had.  Further, because the defendant in *Nichols* was indicted in 2007 (*see* Indictment, *United States v.*

-4-

*Nichols*, No. 7:07-CR-6 (W.D. Va. Jan. 25, 2007), ECF No. 3) prior to Rule 32.2(b)(5)'s amendment in 2009, the preamended Rule 32.2 was the applicable provision in *Nichols*. *See United States v. Poulin*, 690 F. Supp. 2d 415, 432 n.22 (E.D. Va. 2010) (citing 28 U.S.C. § 2074(a)). Because the indictment in this case was filed on December 16, 2009, after the amended Rule 32.2(b)(5) took effect, *Nichols* is distinguishable and unpersuasive.

The Government does not cite, and the Court has not found, any other case that under amended Rule 32.2(b)(5) a defendant waives the right to a jury determination on the forfeiture issue by failing to raise the issue before jury deliberation begins. Because the 2009 amendment's goal was "to avoid an inadvertent waiver of the right to a jury determination" and because Rule 32.2(b)(5) imposes no explicit burden on a defendant to raise the jury determination issue, the Court finds it inappropriate to hold Williams waived the right to have a jury determination on the forfeiture issue.

Alternatively, the Government argues the Court could reassemble the previously discharged jury and have it make a determination on the forfeiture issue. The Court finds this approach unfeasible. Almost three months have passed since the end of the trial, and the court does not believe it is appropriate or permissible to reassemble the jury after it has been discharged and dispersed. *See United States v. Washington*,

819 F.2d 221, 224 (9th Cir. 1987) ("[M]anifest difficulties appear in reconstituting a jury [more than two years] after trial."); *cf. United States v. Rojas*, 617 F.3d 669, 677 & n.3 (2d Cir. 2010) (allowing jury to return to correct an error in the courtroom deputy's reading of the jury verdict after the court discharged the jury but before the jury had dispersed from the deliberation room).

The Court concludes that the best course of action is to assemble a new jury to make a determination on the forfeitability of the specific property at issue in the case. By conducting further proceedings with a new jury, Williams will not be deprived of his right to a jury determination on the forfeiture issue, and the Government will not be deprived of its right to potentially obtain property subject to forfeiture.

IT IS ORDERED:

1) Williams' pro se Motion to Dismiss or for New Trial (Filing 848) is denied;

2) Williams' pro se Motion to Dismiss or for New Trial (Filing No. 852) is denied;

3) Williams' Motion to Dismiss Forfeiture Proceeding (Filing No. 908) is denied; and

4) A scheduling conference will be held on:

**Friday, July 22, 2011, at 9 a.m.**

Courtroom No. 5, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

DATED this 19th day of July, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court