IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:09CR457 |
| Plaintiff, | ) | |
| | ) | MOTION REGARDING PAYMENT OF |
| vs. | ) | FUNDS PURSUANT TO THE |
| | ) | CRIMINAL JUSTICE ACT |
| SHANNON WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States, by and through its attorneys, Susan T. Lehr and Robert C. Sigler, and moves the Court for an Order that any funds or property, real or personal, not forfeited as a result of the trial scheduled herein on October 24, 2011, be paid and turned over to the Criminal Justice Act Fund.  In support of this motion, the United States respectfully shows the Court as follows:

1.  The superseding indictment filed herein on July 20, 2010, sought to forfeit $87,120.00 in United States currency, a 2007 GMC Yukon, two separate financial accounts or their proceeds, and ten parcels of real estate.  The United States, in its forfeiture allegation, alleged that the above items constituted or were derived from proceeds defendants Shannon Williams and Deshawn Hernandez obtained directly or indirectly as a result of violations alleged in counts I and II of the superseding indictment, to wit: conspiracy to distribute and possess with intent to distribute marijuana and conspiracy to launder proceeds of the marijuana conspiracy.

2.  On April 28, 2011, the jury convicted Mr. Williams and Ms. Hernandez of counts I and II of the superseding indictment.  Because Mr. Williams did not indicate to the Court that he desired a jury trial on the forfeiture allegations, none was scheduled at that time.  Subsequently, the Court determined that Mr. Williams could have a jury trial on the forfeiture allegations and

set a trial on the forfeiture allegations for October 24, 2011. (Filing No. 946).  Ms. Hernandez has not contested the forfeiture allegation as it applies to her.

3.  From the time Mr. Williams was arrested in Minnesota in early 2009 as a result of a warrant issued for violation of supervised release in Case No. 8:93CR27, Mr. Williams has been continuously represented either by appointed counsel, retained counsel, or by himself.  Movant asks the Court to judicially notice the files and records in this case and in United States v. Williams, 8:93CR27, to determine who's been appointed to represent the defendant and during what periods of time.  In addition, the United States assumes that certain costs have been incurred under the Criminal Justice Act as a result of Mr. Williams alleged indigency.  (e.g., attorneys' fees, costs of a psychiatric examination, costs of duplication of tape recorded conversations, any other expenses unknown to movants).  Although the United States does not have access to any exact figures that have been paid out of the CJA fund for Mr. Williams' defense, or which will be paid out of that fund for Mr. Williams' defense, the United States expects those sums to be substantial.  The United States understands and believes that the Court will have access to the exact figures paid out of the Criminal Justice Act Fund for appointed representation of Mr. Williams and for any expenses. (See e.g., filing #s 661, 685, and any related documents).

4.  Since Mr. Williams has contested the forfeiture allegation in the superseding indictment and demanded a jury trial on that allegation, the United States respectfully moves this Court pursuant to 18 U.S.C. § 3006A(f), to order that any funds, vehicles, or real property not determined by the jury to be forfeited to the United States be paid into the Clerk of the Court in order to reimburse the Criminal Justice Act Fund and to defray the costs of Mr. Williams'

2

defense.  Section 3006A(f) states, in relevant part, as follows:

> (f) Receipt of other payments.–Whenever the United States magistrate judge or **the court finds that funds are available for payment from or on behalf of a person furnished representation**, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, to any person or organization authorized pursuant to subsection (e) to render investigative, expert, or other services, **or to the court for deposit in the Treasury as a reimbursement to the appropriation**, current at the time of payment, to carry out the provisions of this section.  Except as authorized or directed, no such person or organization may request or accept any payment or promise of payment for representing a defendant.

(emphasis added).

5.  The Eighth Circuit has affirmed such orders when a court discovers that funds are available to a defendant, even post-trial.  See United States v. Lefkowitz, 125 F.3d 608, 620-21 (8th Cir. 1998) (finding that 18 U.S.C. § 3006A(f) 'expressly authorizes" an order to a defendant to reimburse the government for the costs of defense if funds become available); United States v. Museifef, 131 F.3d 714, 715-16 (finding that 18 U.S.C. § 3006A(f) "allows a court to order repayment for necessary expenses or legal fees incurred in providing adequate representation to a defendant if it discovers there are available funds.") See also United States v. Wilson, 597 F.3d 353, 357-58 (6th Cir. 2010) ("a court has authority to order a defendant to pay for counsel on his own or to make a partial payment for the representation on a going-forward basis and to order financially able defendants to pay for legal services already provided on a backward-looking basis") (internal quotations and citations omitted).

6.  Movants have no knowledge of anyone other than Mr. Williams claiming a financial interest in any of the items contained in the forfeiture allegation of the superseding indictment.  Thus, should the jury determine that any of those items are not forfeitable to the United States as

3

proceeds of the convictions of defendant for counts I and II of the superseding indictment, those items insofar as the interest claimed by the defendant establishes his non-indigency should be turned over to the Clerk of the District Court for reimbursement to the Criminal Justice Act Fund.  The United States reminds the Court that in several of the defendant's many pro se filings he has alleged a substantial payment of cash by him to attorney Ray Richards.  This apparently was done by Mr. Williams at some point after the Court had determined his indigency.  Clearly, Mr. Williams is only sometimes indigent.

WHEREFORE, the United States moves the Court, based upon the evidence already adduced at trial and on any evidence to be adduced in the trial commencing October 24, 2011, to order that any of the items contained in the forfeiture allegation of the superseding indictment which are not determined by the jury to be forfeited to the United States be paid to the Clerk of the District Court for reimbursement of the Criminal Justice Act Fund to defray the costs of Mr. Williams' defense at the trial already held, his defense at the trial to be held on October 24, 2011, and for any costs incurred by Mr. Williams in any appeal to the Eighth Circuit Court of Appeals.

UNITED STATES OF AMERICA,
Plaintiff

DEBORAH R. GILG
United States Attorney


s/Robert C. Sigler
By:  ROBERT C. SIGLER #13836
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102
(402) 661-3700

4

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on August 25, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following CM/ECF participant: Michael J. Tasset, attorney for defendant.


s/Robert C. Sigler
ROBERT C. SIGLER
Assistant United States Attorney