IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR457 |
| | ) | |
| v. | ) | |
| | ) | |
| SHANNON WILLIAMS, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon defendant's motion to produce (Filing No. 1046) and brief in support thereof (Filing No. 1047). The government filed a response to defendant's motion (Filing No. 1060). The Court has reviewed the motion, supporting brief, and response brief, and finds defendant's motion should be denied.

In his motion, defendant requests the Court to order the production of four allegedly material discovery items. The first item is "the name of the 'fire captain' who cut open the defendant's safe at 3509 'L' St. Omaha, NE on December 18th, 2009." *See* Filing No. 1046, p. 1. Defendant further states, "There was testimony by government witness Cris Parrot that $60,000 was stolen out of the safe. On page 2542:12 lead case agent testifies that Omaha firefighters cut-open the defendant['s] safe." *See* Filing No. 1046, p. 1. As defendant alleges, the money at issue was taken from defendant's safe by a fire captain and therefore is not involved with the transactions

relevant to the forfeiture issues that remain pending in this case.  Thus, further investigation into this issue is irrelevant.

The three remaining items defendant seeks, namely: 2009 F.B.I. reports relating to the payments to Terry Haddock, photo lineups shown to government witness Steve Kisseberth during defendant's April 2011 trial, and a photo shown to government witness Felix on Labor Day 2009, are also not relevant to the forfeiture issues that remain pending in this case, and defendant's motion to produce will be denied.  Accordingly,

IT IS ORDERED that defendant's motion to produce (Filing No. 1046) is denied.

DATED this 4th day of October, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court