IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR457 |
| | ) | |
| v. | ) | |
| | ) | |
| SHANNON WILLIAMS, | ) | ORDER NUNC PRO TUNC |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon defendant's pro se motion to inspect jury list (Filing No. 1089) and supporting brief (Filing No. 1090). Pursuant to 28 U.S.C. § 1867(f), defendant wants "to inspect the jury list of 2010 and 2011 to prepare for his trial and post-trial motions."

Defendant was indicted in this case on December 16, 2009. On April 28, 2011, after a month-long jury trial, defendant was found guilty of Counts I and II of the superseding indictment (Filing No. 360). In Count III, the superseding indictment identifies several items of real and personal property the Government maintains are subject to forfeiture pursuant to 21 U.S.C. § 853. This issue is scheduled for trial commencing Monday, October 24, 2011.

The Clerk of this Court creates a new jury wheel every two years. During such two-year periods, both grand jurors and petit jurors are selected from this wheel as needed. One jury wheel was created in May 2009 and remained in effect until April

2011.  This jury wheel is referred to by the Clerk of this Court as GJ 09-1.  The grand jury which indicted defendant and the petit jury which found defendant guilty of Counts I and II of the superseding indictment were selected from GJ 09-1.  GJ 09-1 was replaced with a new wheel in May 2011, which will remain in effect until April 2013.  This jury wheel is referred to by the Clerk of this Court as GJ 11-1.

Title 28, U.S.C. § 1867(f) provides, "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the . . . presentation of a motion under subsection (a), (b), or (c) of this section . . . ."  Section 1867(a) provides:

> In criminal cases, *before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier*, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

(Emphasis added).

According to the statute, the time for defendant to file a motion to inspect what he calls the "2010 jury list," which the Court will construe as GJ 09-1, has come and gone.

Voir dire examination took place the first week of April 2011, and defendant did not exercise any right to inspect the jury list prior to that time.  Furthermore, there is no evidence before the Court showing defendant could not have diligently exercised such right between his December 2009 indictment and April 2011 voir dire examination.  Thus, at this time, defendant may only inspect the current jury wheel, GJ 11-1, which will be in effect during defendant's upcoming October 2011 forfeiture proceeding.

In accordance with 28 U.S.C. § 1867(f), defendant and the government are free to review the records and documents compiled in the jury questionnaires maintained in the office of the Clerk of Court as set forth below.  Accordingly,

IT IS ORDERED:

1) Between the dates of October 12, 2011, and October 20, 2011, standby counsel for the defendant upon defendant's specific request, and counsel for the government are permitted to inspect the GJ 11-1 jury list, questionnaires, and the contents of records or papers used by the jury clerk in connection with the petit jury selection process.  The Clerk shall make available to standby counsel for defendant, upon defendant's request, the method used in selecting petit juries, and in particular the method as it pertains to the petit jury that will serve during defendant's forfeiture proceeding.  In the event this information is insufficient, defendant shall file a motion indicating what

additional information is needed.  Standby counsel for the defendant and counsel for the government shall be allowed to inspect and copy such records or papers at all reasonable times.

      2)  Any information provided in the inspection of documents and records set forth above shall not include the signatures, home phone numbers, work phone numbers, social security numbers <u>or e-mail addresses</u> of the jurors.

      3)  On or before October 20, 2011, the defendant shall file any motion with respect to the jury selection process or notify the court by letter if the defendant will not be filing any such motion.  Said motion, if any, shall fully comply with the provisions of 28 U.S.C. § 1867(d).

      4)  The Court will not permit counsel or defendant to share information regarding these jurors with any third party without prior approval from the Court.  <u>Any copies furnished to defendant are for viewing purposes only.  The copies shall be returned to stand by counsel and are not to be distributed or posted on any social media site.</u>  These questionnaires contain private, sensitive information that need not be shared with the

public.  **Failure to comply with this order may result in contempt of Court.**

DATED this 14th day of October, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court