IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )          8:09CR457
                               )
      v.                       )
                               )
SHANNON WILLIAMS,              )          ORDER
                               )
            Defendant.         )
_____)

This matter is before the Court on defendant's multiple motions:  motion to expand the record (Filing No. 1447), motion for limited discovery (Filing No. 1448), motion for transcripts (Filing No. 1450), motion for clarification (Filing No. 1451), notice of motion and motion to conduct limited discovery under Rule 6(a), 34 and/or 56(d) of 28 U.S.C. § 2255 (Filing No. 1457, and motion to compel government to affirm or deny existence of electronic surveillance under habeas Rule 6(a) & (Fed,.R.Crim.P. 16(a)) (Filing No. 1459).  The Court has considered each motion and applicable law, and finds as follows.

**Filing No. 1447**

Defendant Shannon Williams ("Williams") filed a motion to expand the record.  The defendant wishes to include the oral arguments of his direct criminal appeal as evidence for his 28 U.S.C. § 2255 action.  Both the government and defendant cite to the arguments made at the direct appeal in their respective

briefs.  The Court will deny defendant's motion to expand the record as unnecessary.

**Filing No. 1448**

Williams also moves for limited discovery to obtain electronic communications and documents from the government. A habeas petitioner is not entitled to broad discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, the Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practice and principles of law."  Fed. R. Governing § 2255 Proceedings 6(a). Good cause exists "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are developed, be able to demonstrate that he is . . . entitled to relief.'"  *Bracy*, 520 U.S. at 908–09 (citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Rule 6(b) of the Federal Rules Governing § 2255 Proceedings requires that a petitioner "provide specific reasons for the request."  Fed. R. Governing § 2255 Proceedings 6(b). The purpose in doing so is to enable the Court to evaluate the propriety of discovery and determine whether discovery would lend support to adequately articulated claims involving specific factual allegations.  See *Calderon v. U.S. Dist. Court for the N.*

*Dist. of Ca. (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996). Discovery is not to be used for "fishing expeditions to investigate mere speculation" or for a prisoner to "explore [his] case in search of its existence." Id. (citing *Aubut v. State of Maine*, 431 F .2d 688, 689 (1st Cir. 1970)). As a result, the Court will deny Williams' motion.

Defendant has filed additional motions (Filing No. 1457 and Filing No. 1459), which are identical in content to Filing No. 1548. Therefore, these motions will be denied as moot.

**Filing No. 1450**

Williams moves this Court to provide him with the transcripts from pretrial motions and oral arguments. Williams' previous filings demonstrate that the defendant has access to the transcripts. (*See* Filing No. 1433.) As a result, the Court will deny Williams' motion for transcripts.

**Filing No. 1451**

Finally, Williams moves to amend claim 2 of his § 2255. The Court will consider Williams motion for clarification (Filing No. 1451) as a motion to amend. The Court will consider the amendments contained in Filing No. 1451 in making its decision in the § 2255 action. Therefore, the motion will be granted. Accordingly,

IT IS ORDERED:

1) Filing No. 1447 is denied.

2) Filing No. 1448 is denied.

3) Filing No. 1450 is denied.

4) Filing No. 1451 is granted.

5) Filing No. 1457 is denied as moot.

6) Filing No. 1459 is denied as moot.

DATED this 15th day of June, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court