IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR457 |
| | ) | |
| v. | ) | |
| | ) | |
| SHANNON WILLIAMS, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Filing No. 1432). In addition, the defendant has requested an evidentiary hearing, discovery, and appointment of counsel for the evidentiary hearing and discovery (Filing No. 1432 at 14-15). The defendant filed a memorandum in support of his motion (Filing No. 1433) and an index of evidence (Filing No. 1434). The government filed a response to the motion to vacate (Filing No. 1445), with an index of evidence (Filing No. 1446). The defendant replied to the government's response (Filing No. 1463). In addition, the defendant filed a motion to amend (Filing No. 1442). The Court will consider the motion as amended. After reviewing the motion, briefs, supporting documents, and applicable law, the Court finds as follows.

**Factual Background**

Defendant, Shannon Williams ("Williams"), was indicted and later convicted by a jury on April 28, 2011, of conspiring to distribute and possess with the intent to distribute 1000 kilograms or more of marijuana ("Count I") and of laundering the related proceeds ("Count II"). Williams was sentenced to 480 months imprisonment and ten years of supervised release for the Count I conviction, and 240 months imprisonment and three years supervised release for the Count II conviction, to run concurrently. Williams appealed his conviction, and the Eighth Circuit Court of Appeals affirmed the district court. Williams timely filed his § 2255 motion.

**Discussion**

In his § 2255 motion, Williams raises 24 claims for relief. The vast majority of Williams' claims allege ineffective assistance of counsel for both pre-trial and appellate counsel.

In order to establish ineffective assistance of counsel, Williams must satisfy both prongs of the *Strickland* test. *See Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-

89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Ramirez v. United States*, 751 F.3d 604, 607 (8th Cir. 2014)(quoting *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011)). Moreover, the defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

**I. Ineffective Assistance of Pre-Trial Counsel, Claims 1, 2, 15, 16, and 23.**

Claim 1 alleges that hired defense counsel, Anthony Chambers ("Chambers"), stole defense funds, and as a result Williams was prejudiced (Filing No. 1433 at 25). However, the record reflects that Chambers failed to make his appearance in this case (*Id.* at 41). Chambers took no substantial part in Williams' criminal case. As a result, Williams has failed to demonstrate that he suffered any prejudice under the *Strickland* standard as a result of the theft of defense funds by Chambers.

Claim 2 alleges that standby counsel Mike Tasset ("Tasset") violated his right to counsel when Tasset disclosed defense plans to the government (*Id.* at 49). Prior to opening statements, Williams was reluctant to make the government aware

of his theory of defense before the government put on their opening statement (Tr. 9). Tasset advised Williams that he already told the government Williams' theory of defense (*Id.*). Williams made no objection at trial in response to Tasset's disclosure of his defense plans. Furthermore, based on the various hearings and pleadings associated with the case, the government was aware of Williams' trial theory without Tasset's statement. As a result, Williams has not established that Tasset's statement prejudiced the defense.

In Claim 15, Williams states that his attorney was ineffective when he failed to strike the testimony of Terry Haddock ("Haddock") under Federal Rule of Criminal Procedure 26.2 (Filing No. 1433 at 142-43). In addition, Williams argues that counsel failed when Tasset did not move for sanctions under Fed.R.Crim.P. 26.2(e). The record indicates that after Mr. Conway testified, Tasset objected based on Fed.R.Crim.P. 26.2 (Filing Nos. 642 at 13, 643 at 36-37, 177-78, 645 at 4-8, 647 at 9). The Court heard the argument and overruled Tasset's objection. In regard to Rule 26.2(e), the sanctions are applicable if the government or attorney disobeys the Court's order for failure to produce or deliver a statement. Rule 26.2(e) is not relevant to the facts of this case. Williams has

failed to demonstrate deficient performance or any prejudice in regard to Claim 15.

Williams alleges in Claim 16 that his pretrial attorney was ineffective for failing to establish "bad faith" by the government for not turning over all of the records (*Id.* at 146). Claim 23 alleges that pretrial counsel was ineffective in failing to challenge, object and/or preserve the government's suppression of material evidence (*Id.* at 175-76). The records and evidence Williams refers to in both Claims 16 and 23 are attorney/client room recordings at the Douglas County jail. The Court at an evidentiary hearing directed the government to produce any portions of the recordings that contained exculpatory evidence (Filing No. 256). At trial, the government notified the Court that it had turned over every tape which it had (Tr. 3038-39). Williams' pretrial counsel's performance fell within professional norms, and there is no evidence that Williams was prejudiced from counsel's performance. This claim is without merit.

**II. Ineffective Assistance of Appellate Counsel**

Williams alleges ineffective assistance of appellate counsel in Claims 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 17, 19, 20, 21, and 24. Claims 3, 4, 5, 6, 7, and 8 involve appellate counsel's failure to listen to tape recordings prior to representation. Claims 9, 12, 13, 14, 17, 19, 20, 21 and 24

allege that appellate counsel failed to raise certain arguments on direct appeal.

Williams argues that his appellate counsel, James Reisinger ("Reisinger") did not independently listen to the taped conversations in preparation for appeal (*See* Filing No. [1433](#) at 55-80). Reisinger stated in an affidavit that he read the entire transcribed record from the pretrial hearings, trial, and post-trial hearings (Filing No. [1446-1](#) at 1). Reisinger admitted that he did not listen to the taped recordings. However, all recordings that were played at trial were transcribed and reviewed by counsel (*Id.*). Williams has not directed this Court to any tape recording that appellate counsel could have or should have found in support of Williams' position that Haddock maintained an attorney-client relationship. Williams has failed to demonstrate prejudice from Reisinger's failure to listen to the tape recordings. In addition, Williams has failed to show that the outcome would have been different if Reisinger had listened to the tapes. As a result, Claims 3, 4, 5, 6, 7, and 8 do not survive the *Strickland* standard.

Claims 9, 12, 13, 14, 17, 19, 20, and 21 allege that appellate counsel was ineffective for failing to raise specific arguments on direct appeal. One of appellate counsel's important duties is to focus on arguments that are likely to succeed on

appeal, not to raise every issue available. *See Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)(quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). The Court has carefully reviewed each of the claims under the *Strickland* standard. Williams has failed to demonstrate that he was prejudiced by his appellate counsel's failure to raise certain issues. In addition, Williams has failed to show that the specific arguments in claims 9, 12, 13, 14, 17, 19, 20, 21, and 24 would have been likely to prevail on appeal.

**III. Presence of Counsel at Critical Stage**

Claims 10 and 11 allege that Williams was denied counsel at a critical stage in the proceedings when counsel withdrew from representation during appeal (Filing No. 1433 at 115, 123). Williams claims that he was without assistance of counsel during direct appeal from March 29 through August 22, 2013. *Id.* A defendant's right to counsel on appeal is guaranteed by the Fifth Amendment due process clause. *United States v. Steele*, 518 F.3d 986, 988 (8th Cir. 2008). The Supreme Court of the United States has established "that the right to

-7-

appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). The right to counsel on appeal does not apply to discretionary appeals. *See Id.*

In this case, Williams had appellate counsel, Reisinger, during the critical stages of his case. Reisinger prepared and submitted an appellate brief and appeared for oral argument. On March 28, 2013, a month after oral argument, the Eighth Circuit granted Reisinger's motion to withdraw as counsel. Williams' request for appointment of new counsel was denied by the Eighth Circuit. The record indicates that Williams had counsel during the critical stages of his direct appeal, and the due process clause of the Fifth Amendment does not apply to discretionary appeals.

**IV. All Other Additional Claims**

In Claim 18, Williams alleges that "the government failed to impeach the testimony of Joe Mark Felix: the knowing use of false evidence . . . ." (Filing No. 1433 at 154). The same issue was addressed on direct appeal in Williams' pro se brief. (Entry ID 3977228, CM/ECF p. 103). "With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal." *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir.

2011).  Therefore, the Court will not relitigate matters that were addressed on direct appeal.

Claims 22 and 24 allege that the government withheld Brady material during trial.  Under *Brady v. Maryland*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or the bad faith of the prosecution."  373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).  Relief under § 2255 is not available to correct errors which could have been raised on direct appeal absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice.  *See United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Claim 22 alleges that the government allowed FBI Agent Kevin Hytrek to testify falsely.  Claim 24 contends that the government improperly moved to quash Williams' subpoena of Officer Bruck due to an injury.  Williams contends that Officer Bruck was working at the time of trial and should have been available to testify.  Williams has not shown cause and prejudice for either claim, or that the alleged errors were fundamental defects resulting in a complete miscarriage of justice.

**Conclusion**

The Court has carefully reviewed Williams' 24 claims. The Court finds that Williams failed to meet his burden under *Strickland* for the ineffective assistance of counsel claims. The Court also finds Williams had counsel during all critical stages. Finally, all the other additional claims brought by Williams lack merit. Therefore, the Court will deny Williams' motion to vacate, set aside, or correct sentence under § 2255. A separate order will be entered in accordance with this memorandum opinion.

DATED this 7th day of July, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court