IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:9CR457 |
| vs. | |
| SHANNON WILLIAMS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Shannon Williams's ("Williams") "Motion for Relief from Judgement under Rule 60(B) and Granting of Original of 2255 Motion Pursuant to Article III Section 2" (Filing No. 1579), as well as his "Objection to Sending 60(b) Motion to Eighth Circuit under Rule 59(E)" (Filing No. 1576), "Motion to Withdraw Letter" (Filing No. 1580), "Motion to File 60(b)" (Filing No. 1581), and "Petition for a Permanent Injunction against Court Clerk Denise Lucks and Court Personel" (Filing No. 1587). For the reasons stated below, the Motion for Relief is a successive habeas petition under 28 U.S.C. § 2255(h) and will be dismissed, the Objection is overruled, and the remaining motions will be denied.

I. BACKGROUND

Williams is currently serving 480 months for drug conspiracy, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), and 846, concurrently with 240 months for money laundering, 18 U.S.C. §§ 2 and 1956(a)(1)(A)(i) and (B)(i). After his sentencing, Williams filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2255 (Filing No. 1432) containing twenty-four claims for relief. Claim twelve argued Williams's attorney was ineffective for failing to appeal the district court's order excluding

Williams's family from the trial. The district judge[1] denied claim twelve and the rest of the Petition on the merits (Filing No. 1474).

On February 16, 2018, the Court received a letter ("Rule 60(b) letter") (Filing No. 1572) from Williams stating he had attempted to move for relief pursuant to Federal Rule of Civil Procedure 60(b), but the prison facility was refusing to mail his filing. Williams opened the letter by saying, "I am writing you with the hope you will treat this letter as a 60(b) request to re-open my 2255 proceedings." The Court accommodated Williams's request. Based upon the information in the letter, the Court determined the Rule 60(b) letter was actually a successive § 2255 petition and transferred (Filing No. 1573) the filing to the Eighth Circuit Court of Appeals.[2]

On March 5, 2018, the Court received Williams's original Motion for Relief (Filing No. 1579), the one the facility was allegedly refusing to mail, as well as an Objection (Filing No. 1576) to the transfer. On March 8, 2018, Williams moved (Filing No. 1580) to withdraw his letter that the Court had transferred to the Eighth Circuit. On March 9, 2018, Williams moved (Filing No. 1581) to change the filing date on his Motion for Relief to January 27, 2018, which would predate the filing of his Rule 60(b) letter. On March 15, 2018, Williams moved (Filing No. 1587) for a permanent injunction against the Clerk of the District Court and other court personnel for dating his filings when received rather than when he delivered them to prison authorities.

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska. Judge Strom took inactive senior status on December 1, 2017.

[2]Williams requested to withdraw the filing from the Eighth Circuit on March 6, 2018, and the Eighth Circuit dismissed the case on March 13, 2018.

## II. DISCUSSION

### A. Motion for Relief

Williams specifically calls his motion a "Motion for Relief from Judgement under Rule 60(b)." However, motions purportedly brought under Rule 60(b) can be successive habeas petitions in disguise. *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005).

A Rule 60(b) motion is a successive petition if it contains a "claim." *Gonzalez*, 545 U.S. at 530. A motion contains a "claim" if it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*." *Id*. at 532. A federal prisoner whose Rule 60(b) motion is a successive habeas petition must first present the claim to the appropriate court of appeals. 28 U.S.C. §§ 2244(b)(3) and 2255(h); *see also United States v. Lee*, 792 F.3d 1021, 1023-25 (8th Cir. 2015) (using *Gonzalez* to determine if a Rule 60(b) motion was a successive § 2255 petition).

Williams asks for relief from a final judgment—the previous denial of his Petition for Habeas Corpus. It is unclear if Williams wishes to assert a violation of his right to a public trial or an ineffective-assistance-of-counsel claim. Williams states, "[I]f appellate counsel James Reisinger had raised the Sixth Amendment violation, Petitioner's conviction would have been automatically reversed on direct appeal." In another location, he claims, "This case has a preserved structural error that banned the Petitioner's African American family and friends from attending his jury trial during the presentation of evidence."

If Williams is claiming his counsel was ineffective for failing to appeal the exclusion of his family from the trial, then he "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. If he claims that the exclusion of his family from trial was structural error, then Williams "seeks to add a new ground for relief." *Id*. Whichever one it is, Williams is attempting to present a successive habeas petition to the Court.

"If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd v. United States*, 304 F.3d 813 (2002). The Court has previously transferred a successive Petition of Williams's to the Eighth Circuit, and Williams withdrew it because he apparently did not wish to litigate this matter there. Thus, Williams's Motion for Relief is dismissed as a successive petition.

### B. Objection to Sending 60(b) Motion to Eighth Circuit under Rule 59(E)

Williams claims, "The Court without notification to the Petitioner 'changed' his Rule 60(b)(6) motion . . . to a motion under 28 USC 2255." The Court did not change Williams's motion; it merely determined that it met the criteria to be a successive habeas petition. The objection is overruled.

### C. Motion to Withdraw Letter

Williams asks the Court to withdraw his Rule 60(b) letter. However, the Court already transferred the filing to the Eighth Circuit, and Williams has successfully withdrawn the filing from that court. Williams's Motion to Withdraw Letter (Filing No. 1580) is denied as moot.

### D. Motion to File 60(b)

Williams moves to change the filing date on his Motion for Relief to before the filing of his Rule 60(b) letter. Because the Court is considering his Motion for Relief without reference to his Rule 60(b) letter, the request is denied as moot.

### E. Petition for a Permanent Injunction

Williams seeks a permanent injunction against Clerk of Court Denise M. Lucks and other court personnel for allegedly filing his Motion for Relief on an incorrect date. He also claims the presence of a conspiracy to deny him access. When deciding whether to issue a permanent injunction, the Court must consider "(1) the threat of irreparable

4

harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties; (3) whether the movant proves actual success on the merits; and (4) the public interest." *Forest Park II v. Hadley*, 336 F.3d 724, 731 (8th Cir. 2003). After reviewing the factors, it is clear Williams is not entitled to a permanent injunction. Accordingly,

IT IS ORDERED:

1. Williams's Motion for Relief from Judgement under Rule 60(B) and Granting of Original of 2255 Motion Pursuant to Article III Section 2 (Filing No. 1579) is dismissed as a successive habeas petition under 28 U.S.C. § 2255(h).
2. Williams's Objection to Sending 69(b) Motion to Eighth Circuit under Rule 59(E) (Filing No. 1576) is overruled.
3. Williams's Motion to Withdraw Letter (Filing No. 1580) is denied as moot.
4. Williams's Motion to File 60(b) (Filing No. 1581) is denied as moot.
5. Williams's Petition for a Permanent Injunction against Court Clerk Denise Lucks and Court Personel (Filing No. 1587) is denied.

Dated this 3rd day of April, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge