IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:09CR457 |
| v. | |
| SHANNON WILLIAMS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Shannon Williams's ("Williams") Motions to Supplement the Habeas Record (Filing Nos. 1623 and 1624) and Motions for Reconsideration (Filing Nos. 1625 and 1626) under Federal Rule of Civil Procedure 59(e).[1] Williams's motions pertain to this Court's January 24, 2020, Memorandum and Order ("Memorandum and Order") (Filing No. 1622) denying Williams's motions for relief under Federal Rule of Civil Procedure 60 (Filing Nos. 1615 and 1616). After careful review, the Court finds Williams's present motions must also be denied.

I.  **BACKGROUND**

On April 28, 2011, a jury found Williams guilty of drug conspiracy, *see* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii) and 846, and money laundering, *see* 18 U.S.C. §§ 2 and 1951(a)(1)(A)(i) and (B)(i) and 1956(h). On November 4, 2011, the Court[2] sentenced Williams to concurrent terms of imprisonment of 480 months and 240 months.

---

[1]The Eighth Circuit has not "decide[d] whether to import the civil motion for reconsideration standard [under Rule 59(e)] into the criminal context." *United States v. Luger*, 837 F.3d 870, 875-76 (8th Cir. 2016). The Court will assume that standard applies for the purpose of these motions.

[2]The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, who retired on December 1, 2017. The case was reassigned on January 3, 2018 (Filing No. 1566).

On March 3, 2015, Williams filed (Filing No. 1432) a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255 ("original petition") asserting various claims for relief. Pertinent here, Williams claimed (1) an attorney was ineffective for stealing his "defense funds" ("claim one"); (2) standby trial counsel was ineffective for disclosing his defense strategy to the government ("claim two"); and (3) appellate counsel was ineffective for "not appealing" the district court's decision to exclude his family from attending his trial ("claim twelve"). The Court denied (Filing No. 1474) Williams's original petition on the merits.

Since then, Williams has tried at least four times to reopen claim twelve. The Court determined all those attempts were successive petitions under 28 U.S.C. § 2255(h), transferring the first petition to the Eighth Circuit and dismissing the rest.

Most recently, Williams filed his Rule 60 motions arguing (1) the Court "failed to consider [his] autonomy when evaluating claims" one and two in ruling on his original petition, *see* Fed. R. Civ. P. 60(b), and (2) an Assistant United States Attorney ("AUSA") made false statements "tantamount to fraud on the court" which "caused [Williams] to lose his original 2255 on claim [twelve]," *see* Fed R. Civ. P. 60(d). Giving Williams the benefit of the doubt that those claims did not amount to successive habeas petitions, *see Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (instructing district courts to make that determination first), the Court denied his motions on the merits. Williams now asks the Court to reconsider that decision and supplement the record.

**II.   DISCUSSION**

"A motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence.'" *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) (alterations in original) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). "A motion for reconsideration should not be used as a vehicle to present evidence that was available when the matter was initially adjudicated." *Luger*, 837 F.3d at 875.

2

Regarding claims one and two, Williams contends the Court violated the "law of the case doctrine" and took him "by complete surprise when the [Court] . . . address[ed] whether or not his claims were structural, instead of since the claims effected his autonomy, he did not need to show prejudice." He seeks to supplement the record with information about his former counsel. Williams misapprehends the Court's findings in the Memorandum and Order.

In ruling on claims one and two, the Court assumed for the sake of argument that "the Court did not sufficiently consider his argument" regarding the need to show prejudice for his original petition. The Court explained that while a petitioner ordinarily must show prejudice for an ineffective-assistance claim under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), prejudice is presumed where counsel makes a structural error. *See Sullivan v. Louisiana*, 508 U.S. 275, 281-82 (1993). The Court concluded, however, that Williams did not show any structural errors based on his "Sixth Amendment-secured autonomy" or otherwise. *McCoy v. Louisiana*, 284 U.S. ___, ___, 138 S. Ct. 1500, 1507 (2018); *see also Ward v. Norris*, 577 F.3d 925, 937 (8th Cir. 2009) (describing the narrow circumstances in which prejudice is presumed).

The Court addressed the issue Williams raised—whether he was required to demonstrate prejudice under *Strickland*. His motion for reconsideration is baseless. With that, there is no need to "supplement the habeas record" with information about his former counsel. Even if the Court considered that information, it would neither establish some structural error occurred nor change the rulings on Williams's motions.

As for claim twelve, Williams contends the Court failed to address in the Memorandum and Order the "gravamen" of his motion that an AUSA "lied when claiming . . . exclusion of certain people [from Williams's trial] was justified." That is not true. The Court considered Williams's allegation and found "[n]one of the AUSA's statements [were] fraudulent or misleading, let alone [met] the stringent standard for fraud on the court." *See* Fed. R. Civ. P. 60(d).

Williams also now "beg[s] this Court to meet . . . claim [twelve] head-on" and supplement the record with an unidentified transcript of a meeting where the Court decided to "ban" Williams's family from the courtroom. As the Court has ruled on multiple occasions, this Court does not have jurisdiction to hear that successive habeas petition without leave from the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3). Accordingly, Williams's motions on those issues must again be denied.

In short, Williams has identified no material errors in the Memorandum and Order. For the same reasons stated there, no certificate of appealability will issue. *See* 28 U.S.C. § 2253; *see also United States v. Lambros*, 404 F.3d 1034, 1037 (8th Cir. 2005) (requiring a certificate of appealability where a petitioner's "Rule 59(e) motion, just like his previous Rule 60(b) motions, sought ultimately to resurrect the denial of his earlier § 2255 motion"). Based on the foregoing,

IT IS ORDERED:
1. Defendant Shannon Williams's Motions to Supplement the Habeas Record (Filing Nos. 1623 and 1624) and Motions for Reconsideration (Filing Nos. 1625 and 1626) are denied.
2. No certificate of appealability will issue.

Dated this 14th day of August 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge