IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANNON WILLIAMS,<br><br>Defendant. | **8:09CR457**<br><br>**ORDER** |

This matter is before the Court on defendant Shannon Williams's ("Williams") *pro se* motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6) (Filing No. 1706). He asks the Court to reconsider its Memorandum and Order reducing his sentence (Filing No. 1688) because of "President Trumps [sic] recent order that marijuana is to be rescheduled to a schedule III drug." Williams acknowledges that his corrected sentence of 335 months falls in "the middle of his guidelines," but argues the President's order will "significantly change[] the penalty ranges for marijuana to a statutory maximum of 15 years." Thus, he asks the Court to further reduce his sentence.

On December 18, 2025, President Donald J. Trump issued an executive order instructing the United States Attorney General to "take all necessary steps to complete the rulemaking process related to rescheduling marijuana to Schedule III of the [Controlled Substances Act] in the most expeditious manner in accordance with Federal law." Exec. Order No. 14370, *Increasing Medical Marijuana and Cannabidiol Research*, 90 Fed. Reg. 60541 (Dec. 18, 2025). The purpose of the order is not to support the unregulated distribution of recreational marijuana but "to increase medical marijuana and [cannabidiol ("CBD")] research." *Id.*

Then on April 28, 2026, Acting Attorney General Todd Blanche issued a final rule which (1) immediately placed both FDA-approved products containing marijuana and

marijuana products regulated by a state medical marijuana license in Schedule III, and (2) provided for initiation of an expedited administrative hearing process to consider the broader rescheduling of marijuana from Schedule I to Schedule III to begin on June 29, 2026. *See* AG Order 6754-2026, 91 Fed. Reg. 22714 (Apr. 28, 2026). That has nothing to do with Williams's criminal sentence imposed nearly fifteen years ago for conspiracy to distribute and possession with intent to distribute marijuana. Williams did not merely possess an FDA-approved product containing CBD or marijuana for medical purposes: he conspired to distribute 1,000 kilograms of marijuana.

What's more, Williams's interpretation of the executive order is incorrect. The rescheduling of marijuana has not changed the penalties or the United States Sentencing Guidelines regarding recreational use or distribution at the federal level. *See* 1 U.S.C. § 109 (explaining that the "repeal of any statute shall not have the effect to release or extinguish any penalty . . . incurred under such statute, unless the repealing Act shall so expressly provide"); *Hewitt v. United States*, 606 U.S. 419 424 (2025) ("[S]tatutory changes to federal penalties only benefit *future* offenders." (emphasis in original)).

After due consideration, Williams's motion is denied.

IT IS SO ORDERED.

Dated this 24th day of July 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge